# IN THE COURT OF APPEALS OF IOWA

No. 17-0598
Filed June 21, 2017

**IN THE INTEREST OF A.R., B.R., A.M., AND R.T.,**
**Minor Children,**

**S.R., Mother,**
     Appellant,

**S.R., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.

A father and mother separately appeal the juvenile court's order regarding jurisdiction. **AFFIRMED.**

Harold K. Widdison of Harold K. Widdison, P.C., Sioux City, for appellant mother.

Randy S. Hisey of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Michelle M. Hynes of the State Public Defender, Sioux City, for minor children.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

A father and mother separately appeal the juvenile court's order regarding jurisdiction. The father appeals with respect to his children, A.R. and B.R., and the mother appeals with respect to all four children.[1] The parents contend the juvenile court lacked subject matter jurisdiction and seek dismissal of the child-in-need-of-assistance (CINA) proceedings. Because we conclude the children's home state is Iowa and any other potential home state has declined jurisdiction, we affirm.

The children were removed from the parents' care on October 15, 2016, by the Iowa Department of Human Services (DHS), following allegations the parents were using illegal substances and engaging in domestic violence toward each other and violence toward the children. At the time of removal, B.R., A.M., and R.T. were being cared for by their maternal grandparents and were located at the grandparents' home in Sioux City. A.R., who was with the mother, was later located and also removed.

The father is a skilled multi-craftsman and frequently travels to other states to work on various projects. The children are home-schooled and the family often travels with the father. However, the parents contend their home in Edgar, Nebraska, has served as the family's "home base" since June 2015.

The parents maintain the children's home state is Nebraska, and the juvenile court lacked jurisdiction. However, the court of the Tenth Judicial District of Nebraska filed an order on April 4, 2017, stating, "Pursuant to the Uniform Child Custody Jurisdiction Enforcement Act [(UCCJEA)], this court declines to

---

[1] The father to A.M. and R.T. does not appeal.

exercise jurisdiction over the above-captioned children, finding that Iowa is the more appropriate forum to determine custody of the children."

The UCCJEA "is the exclusive jurisdictional basis for making a child-custody determination by a court of [Iowa]." Iowa Code § 598B.201(2) (2017). Section 598B.201(1) provides a court of this state has jurisdiction only if any of the following applies:

> a. This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
> b. A court of another state does not have jurisdiction under paragraph "a", or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 598B.207 or 598B.208 and both of the following apply:
> > (1) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
> > (2) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
> c. All courts having jurisdiction under paragraph "a" or "b" have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 598B.207 or 598B.208.
> d. No court of any other state would have jurisdiction under the criteria specified in paragraph "a", "b", or "c".

Further, section 598B.102(7) defines the "home state" as

> the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding. . . . A period of temporary absence of any of the mentioned persons is part of the period.

With respect to the jurisdictional issue, in its order following the February 9, 2017 dispositional hearing the juvenile court found:

Both parents' current driver's licenses list their address as Sioux City, Iowa, with [the father]'s license expiring in 2018, and the mother's Iowa license expiring in 2020.

The State of Nebraska . . . has declined to exercise jurisdiction of the children. Additionally, the children and at least one person acting as a parent have a significant connection with the State of Iowa, more than the mere physical presence. The children have received medical care in Iowa prior to the removal. There are a series of police reports concerning law enforcement contact with the family in Woodbury County. The family rented a home in Iowa from late 2015 to mid-summer 2016 . . . . The family resided with maternal relatives in Sioux City, Iowa, in 2016. Substantial evidence is available in Iowa regarding the children's care, protection, training, and personal relationships. Furthermore, no court of any other state would have jurisdiction under that criteria specified in "a", "b", or "c" due to the parents' nomadic lifestyle. These children remain children in need of assistance and Iowa remains the appropriate forum to provide assistance to both the children and the parents.

On our de novo review, *see In re Guardianship of Deal-Burch*, 759 N.W.2d 341, 343 (Iowa Ct. App. 2008), we agree the juvenile court has jurisdiction because the children's home state is Iowa. The record does not support the parents' contention the family has resided in Nebraska since June 2015. The mother testified during the January 3, 2017 adjudication hearing:

Q. And how long did you live at the Viking Drive address in Sioux City? A. Six, seven months.
Q. And when did you first stay there? A. November.
Q. Of 2015? A. I'm trying to think. Yeah, I believe so.
Q. And when did you move out of that residence? A. June.
Q. Of 2016? A. Yep.

Thus, the mother's testimony is that the family resided in Iowa from November 2015 to June 2016. The father's jurisdictional affidavit confirms the family's "home base" was Sioux City during that time period, although claiming the time period was from January 2016 to June 2016. Further, the mother's sister testified at the adjudication hearing the family lived in Sioux City during that time

period, and she babysat the children at the their home in Sioux City over Memorial Day weekend in 2016. The mother also testified an incident involving the firing of a weapon inside the Sioux City home occurred in June 2016. The evidence shows the family then spent some time in other states, including at least Illinois and Arkansas, before returning to Iowa in October 2016, just prior to the children's removal.

Therefore, the record reflects the family lived in Sioux City for six or seven months until June 2016. The CINA petition was filed on October 17, 2016. Although the parents contend the children are residents of Nebraska and Iowa was only a temporary "home base," we are not concerned about "residency" or "home base." Rather, the UCCJEA authorizes jurisdiction based upon which state is the "home state" of the children. "Home state" is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding." Iowa Code § 598B.102(7). "A child's home state is determined from the date proceedings are commenced." *In re E.D.*, 812 N.W.2d 712, 718-19 (Iowa Ct. App. 2012) (citing Iowa Code §§ 598B.102(5), .201(1)). Here, the children's home state is Iowa because it is the last state the children lived in for at least six months, the children were in Iowa when the proceedings were commenced, and their temporary absence to travel to other states from June 2016 until October 2016 is "part of the period" for purposes of calculating the statutory six-month period. *See* Iowa Code § 598B.102(7) (stating that in calculating the six-month period, "[a] period of temporary absence . . . is part of the period"). As such, the juvenile court has jurisdiction to make custody

determinations regarding the children pursuant to Iowa Code section 598B.201(1)(a).

Even if Iowa is not the children's home state, the juvenile court still has jurisdiction under section 598B.201(1)(b). The only other state alleged to be the children's home state is Nebraska and the parents' and children's absence from Iowa was less than six months. The Nebraska court explained it reviewed correspondence with the juvenile court; the CINA petition; the adjudication order; the order staying proceedings; and the jurisdictional affidavits of the father, the mother, and the State, and clearly declined jurisdiction on the ground it determined Iowa is a more appropriate forum in accordance with the UCCJEA.

The parents contend the Nebraska order was insufficient to transfer jurisdiction to the juvenile court because the Nebraska court only considered limited evidence in considering the jurisdictional issue and the Nebraska court did not make a specific finding Nebraska is an inconvenient forum under the circumstances.[2] The parents cite no authority for the claim the court considered insufficient evidence, and an issue unsupported by authority is deemed waived. *See* Iowa R. App. P. 6.903(2)(g)(3). We also note Iowa Code section 598B.207 does not specify what information the foreign court must consider in rendering its decision to decline jurisdiction. We additionally observe the Nebraska court stated it reached its determination Iowa is a more appropriate forum pursuant to

---

[2] The mother also asserts the juvenile court improperly declined to provide the mother with a copy of the correspondence with the Nebraska court. However, this issue was not raised before or ruled upon by the juvenile court, and we therefore decline to address it on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

the provisions of the UCCJEA and made no mention of having insufficient information to make the decision. We have no difficulty inferring from the court order that the Nebraska court determined it was an inconvenient forum and properly applied the UCCJEA.

We find the Nebraska order was sufficient to decline jurisdiction. Additionally, the record reflects the children (who are all currently residing in Iowa) and the parents have a significant connection with Iowa, and substantial evidence is available concerning the children's care, protection, training, and personal relationships in Iowa.

We conclude Iowa is the home state of the children and any other potential home state has declined jurisdiction. We therefore affirm the juvenile court's holding it has subject matter jurisdiction pursuant to Iowa Code section 598B.201.

**AFFIRMED.**